| | |
|---|---|
| 1 | JAN P. WEIR, State Bar No. 106652 |
| 2 | (jweir@sycr.com)<br>STRADLING YOCCA CARLSON & RAUTH |
| 3 | 660 Newport Center Drive, Suite 1600<br>Newport Beach, CA 92660-6422 |
| 4 | Telephone: (949) 725-4000<br>Facsimile: (949) 725-4100 |
| 5 | EDWARD R. NELSON, III |
| 6 | (enelson@nbclaw.com)<br>NELSON BUMGARDNER CASTO, P.C. |
| 7 | 5601 Bridge Street, Suite 300<br>Fort Worth, Texas 76112 |
| 8 | Telephone: (817) 377-9111<br>Facsimile: (817) 337-3485 |
| 9 | DAVID SKEELS |
| 10 | (skeels@fsclaw.com)<br>FRIEDMAN, SUDER & COOKE |
| 11 | Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200' |
| 12 | Fort Worth, Texas 76102<br>Telephone: (817) 574-7033 |
| 13 | Facsimile: (817) 334-0401 |
| 14 | Attorneys for Defendants |
| 15 | SCREENTONE SYSTEMS CORPORATION,<br>ACACIA PATENT ACQUISITION |
| 16 | CORPORATION, ACACIA RESEARCH<br>CORPORATION, and PAUL S. SNYPP |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CANON U.S.A., INC., a New York corporation, EASTMAN KODAK COMPANY, a New Jersey corporation, PANASONIC CORPORATION OF NORTH AMERICA, a Delaware corporation, RICOH AMERICAS CORPORATION, a Delaware corporation, and KYOCERA MITA AMERICA, INC., a California corporation,<br><br>            Plaintiffs,<br><br>            vs.<br><br>SCREENTONE SYSTEMS CORP., | CASE NO. 8:08-cv-00409-CJC (ANx)<br><br>The Honorable Cormac J. Carney<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

DOCSOC/1287399v2/101022-0006

a Delaware corporation; ACACIA PATENT ACQUISITION CORPORATION; ACACIA RESEARCH CORPORATION, a Delaware corporation; and PAUL S. SNYPP,

Defendants.

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp (collectively "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiffs Canon U.S.A., Inc., Eastman Kodak Company, Panasonic Corporation of North America, Ricoh Americas Corporation, and Kyocera Mita America, Inc.'s Complaint ("Complaint") as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

## NATURE OF THE ACTION

1. Defendants acknowledge that Plaintiffs purport to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 1 are denied.

## THE PARTIES

**A.  The Plaintiffs**

2. The allegations in paragraph 2 are admitted upon information and belief.

3. The allegations in paragraph 3 are admitted upon information and belief.

4. The allegations in paragraph 4 are admitted upon information and belief.

5. The allegations in paragraph 5 are admitted upon information and belief.

6. The allegations in paragraph 6 are admitted upon information and belief.

**B. The Defendants**

7. Defendants admit that Screentone Systems Corporation is a Delaware corporation with a principal place of business in Newport Beach, California. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Canon U.S.A., Inc., Eastman Kodak Company, Panasonic Corporation of North America, Ricoh Americas Corporation, and Kyocera Mita America, Inc. and others as defendants. Defendants admit that the lawsuit alleges that Canon U.S.A., Inc., Eastman Kodak Company, Panasonic Corporation of North America, Ricoh Americas Corporation, and Kyocera Mita America, Inc., among others, infringe the '809 patent. Defendants admit that a copy of Screentone Systems Corporation's Texas complaint is attached to Plaintiffs' Complaint. Except as so admitted, the allegations in paragraph 7 are denied on the ground that the Texas complaint speaks for itself.

8. The allegations in paragraph 8 are admitted.

9. The allegations in paragraph 9 are admitted.

10. Defendants admit that Acacia Patent Acquisition LLC is a wholly owned subsidiary of Acacia Research Corporation. Defendants further admit that Screentone Systems Corporation is a wholly-owned subsidiary of Acacia Patent Acquisition LLC. Except as so admitted, the allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are admitted.

**JURISDICTION AND VENUE**

12. Defendants admit that Plaintiffs purport to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 12 are denied.

13. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that

-3-

the lawsuit names Plaintiffs, among others, infringe the '809 patent. Except as so admitted, the allegations in paragraph 13 are denied on the ground that the Texas complaint speaks for itself.

14. Because of the ambiguities in the allegations, Defendants lack sufficient information to admit or deny the allegations concerning the substance of any alleged correspondence. The allegations are further denied on the ground that any alleged correspondence will speak for itself. Except as so stated, the allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are denied on the ground that the alleged documents speak for themselves.

16. Defendants admit that Snypp was an assignee of the '809 patent before Acacia. Except as so admitted, the allegations in paragraph 16 are denied on the ground that the alleged assignments speak for themselves.

17. The allegations in paragraph 17 are denied on the ground that the alleged assignments speak for themselves.

18. Defendants admit that there is an actual controversy between the Plaintiffs and Defendants concerning Plaintiffs' infringement of the '809 patent. Except as admitted, the allegations in paragraph 18 are denied.

19. Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' alleged claims. Defendants deny, however, that Plaintiffs' claims have any factual or legal basis. Except as so stated, the allegations in paragraph 19 are denied.

20. The allegations in paragraph 20 are denied.
21. The allegations in paragraph 21 are denied.
22. The allegations of paragraph 22 are denied.
23. The allegations of paragraph 23 are denied.
24. The allegations of paragraph 24 are denied.

25. Defendants admit that venue is proper in this district with respect to Acacia Research and Acacia Patent. Except as so admitted, the allegations of Paragraph 25 are denied.

## FACTS

26. The allegations in paragraph 26 are admitted.

27. The allegations in paragraph 27 are denied on the ground that the '809 patent speaks for itself.

28. The allegations in paragraph 28 are denied on the ground that the '809 patent speaks for itself.

29. Defendants admit that at least some of the alleged activities took place in the state of Washington. Except as so admitted, the allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied on the ground that the '809 patent and the records of the United States Patent and Trademark Office speak for themselves.

31. The allegations in paragraph 31 are denied on the ground that the referenced assignment and records of the United States Patent and Trademark Office speak for themselves.

32. The allegations in paragraph 32 are denied on the ground that the referenced assignment and records of the United States Patent and Trademark Office speak for themselves.

33. The allegations in paragraph 33 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

34. The allegations in paragraph 34 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

35. The allegations in paragraph 35 are denied.

36. The allegations in paragraph 36 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-5-

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

DOCSOC/1287399v2/101022-0006

37. The allegations in paragraph 37 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

38. The allegations in paragraph 38 are denied on the ground that the referenced assignment speaks for itself.

39. The allegations in paragraph 39 are denied on the ground that the referenced assignment speaks for itself.

40. The allegations in paragraph 40 are denied on the ground that the referenced assignments speak for themselves.

41. The allegations in paragraph 41 are denied on the ground that the referenced assignments speak for themselves.

42. The allegations in paragraph 42 are denied on the ground that the referenced assignments speak for themselves.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. The allegations in paragraph 47 are denied.

48. The allegations in paragraph 48 are denied.

49. The allegation in paragraph 49 is admitted.

50. The allegations in paragraph 50 are denied on the ground that the '809 patent speaks for itself.

51. The allegations in paragraph 51 are denied on the ground that the referenced Amendment speaks for itself.

52. The allegations in paragraph 52 are denied on the ground that the referenced international patent application speaks for itself.

53. The allegations in paragraph 53 are denied on the ground that the referenced document speaks for itself.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

DOCSOC/1287399v2/101022-0006

54. The allegations in paragraph 54 are denied on the ground that the referenced document speaks for itself.

55. The allegations in paragraph 55 are denied on the ground that the file history of the '809 patent speaks for itself.

56. The allegations in paragraph 56 are denied.

## COUNT 1

### Declaratory Judgment – Noninfringement of the '809 Patent

57. Defendants reallege and incorporate paragraphs 1 – 56 above.

58. Defendants admit that Plaintiffs seek a declaration from this Court that they are not liable for infringement of the '809 patent. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations of paragraph 58 are denied.

59. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 against Plaintiffs for infringement of the '809 patent. Except as admitted, the allegations in paragraph 59 are denied on the ground that the Texas complaint speaks for itself.

60. Defendants admit that Screentone Systems Corporation is the assignee and owner of all right, title and interest in the '809 patent. Except as so admitted, the allegations in paragraph 60 are denied on the ground that the Texas complaint speaks for itself.

61. Defendants admit that Screentone Systems Corporation alleges that Plaintiffs, among others, infringe the '809 patent. Except as admitted, the allegations in paragraph 61 are denied on the ground that the Texas complaint speaks for itself.

62. Defendants admit that Screentone Systems Corporation alleges that Plaintiffs, among others, willfully infringe the '809 patent. Except as admitted, the allegations in paragraph 62 are denied on the ground that the Texas complaint speaks for itself.

63. The allegations in paragraph 63 are denied.

64. Defendants admit that Snypp and Acacia are prior assignees of the '809 patent. Except as so admitted, the allegations in paragraph 64 are denied on the ground that the alleged assignments speak for themselves.

65. Defendants admit that there is an actual controversy between Plaintiffs and Defendants concerning Plaintiffs' infringement of the '809 patent. Except as so admitted, the allegations in paragraph 65 are denied.

66. Defendants admit that Plaintiffs seek a declaration from this Court. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations in paragraph 66 are denied.

## COUNT 2

### Declaratory Judgment – Invalidity of the '809 Patent

67. Defendants reallege and incorporate paragraphs 1 – 66 above.

68. Defendants admit that Plaintiffs seek a declaration from this Court that the '809 patent is invalid. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations in paragraph 68 are denied.

69. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 against Plaintiffs and others. Defendants admit that the lawsuit alleges that Plainitffs, among others, infringe the '809 patent. Except as admitted, the allegations in paragraph 69 are denied on the ground that the Texas complaint speaks for itself.

70. The allegations in paragraph 70 are denied.

71. Defendants admit that there is an actual controversy between Plaintiffs and Defendants concerning Plaintiffs' infringement of the '809 patent. Except as so admitted, the allegations in paragraph 71 are denied.

72. Defendants admit that Plaintiffs seek a declaration from this Court. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations in paragraph 72 are denied.

### COUNT 3

**Declaratory Judgment – Defendants Do Not Hold Valid Title to the '809 Patent and, Therefore, Have No Right to Sue for Infringement of the '809 Patent**

73. Defendants reallege and incorporate paragraphs 1 – 72 above.

74. Defendants admit that Plaintiffs seek a declaration from this Court that Defendants do not hold valid title or interest in the '809 patent. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations in paragraph 74 are denied.

75. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Plaintiffs and others as defendants. Defendants admit that the lawsuit alleges that Plaintiffs, among others, infringe the '809 patent. Except as admitted, the allegations in paragraph 75 are denied on the ground that the Texas complaint speaks for itself.

76. Defendants admit that Screentone Systems Corporation is the assignee and owner of all right, title and interest in the '809 patent. Except as admitted, the allegations in paragraph 76 are denied on the ground that the Texas complaint speaks for itself.

77. Defendants admit that Screentone Systems Corporation alleges that Plaintiffs, among others, infringe the '809 patent. Except as so admitted, the allegations in paragraph 77 are denied on the ground that the Texas complaint speaks for itself.

78. Defendants admit that Screentone Systems Corporation alleges that Plaintiffs willfully infringe the '809 patent. Except as so admitted, the allegations in paragraph 61 are denied on the ground that the Texas complaint speaks for itself.

79. Defendants lack sufficient information to admit or deny the allegations in paragraph 79.

80. Defendants admit that Snypp was the owner of the '809 patent at the time he assigned it to Acacia. Except as so admitted, the allegations in paragraph 80 are denied on the ground that the alleged assignment speaks for itself.

81. The allegations in paragraph 81 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

82. Defendants admit that Acacia was the owner of the '809 patent at the time it assigned the '809 patent to Screentone. Except as so admitted, the allegations in paragraph 82 are denied on the ground that the alleged assignment speaks for itself.

83. The allegations in paragraph 83 are denied.

84. Defendants admit that there is an actual controversy between Plaintiffs and Defendants concerning Plaintiffs' infringement of the '809 patent. Except as so admitted, the allegations in paragraph 84 are denied.

85. Defendants admit that Plaintiffs seek a declaration from this Court. Defendants deny, however, that Plaintiffs are entitled to such relief. Except as so stated, the allegations in paragraph 85 are denied.

## COUNT 4

### Declaratory Judgment – The '809 Patent Is Unenforceable Due to Inequitable Conduct Before the U.S.P.T.O.

86. Defendants reallege and incorporate paragraphs 1 – 85 above.

87. Defendants admit that Plaintiffs seek a declaration from this Court that the '809 patent is unenforceable. Defendants deny, however, that Plaintiffs are

1  entitled to such relief. Except as so stated, the allegations in paragraph 87 are
2  denied.
3     88.   Defendants admit that Screentone Systems Corporation filed a patent
4  infringement lawsuit in the Eastern District of Texas on August 8, 2007 against
5  Plaintiffs and others. Defendants admit that the lawsuit alleges that Plaintiffs,
6  among others, infringe the '809 patent. Except as admitted, the allegations in
7  paragraph 88 are denied on the ground that the Texas complaint speaks for itself.
8     89.   The allegations in paragraph 89 are denied.
9     90.   The allegations in paragraph 90 are denied.
10    91.   The allegations in paragraph 91 are denied upon information and
11 belief.
12    92.   The allegations in paragraph 92 are denied upon information and
13 belief.
14    93.   The allegations in paragraph 93 are denied.
15    94.   The allegations in paragraph 94 are denied.
16    95.   Defendants admit that there is an actual controversy between
17 Plaintiffs and Defendants concerning Plaintiffs' infringement of the '809 patent.
18 Except as so admitted, the allegations in paragraph 95 are denied.
19    96.   Defendants admit that Plaintiffs seek a declaration from this Court.
20 Defendants deny, however, that Plaintiffs are entitled to such relief.   Except as so
21 stated, the allegations in paragraph 96 are denied.

## JURY DEMAND

Defendants acknowledge that Plaintiffs request a trial by jury.

## CONCLUSION AND PRAYER

Although no answer is required to Plaintiffs' conclusion and prayer, Defendants deny all allegations of subparagraphs (A) through (H) and further denies that any relief should be granted to Plaintiffs.

## AFFIRMATIVE DEFENSES

-11-

1. Plaintiffs have failed to state claims upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

a. That Plaintiffs take nothing by their Complaint and that the Complaint be dismissed with prejudice and judgment entered in Defendants' favor;

b. That Defendants be awarded their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

c. That Defendants be awarded costs of suit herein; and

d. That Defendants be awarded such other and further relief as this Court deems just and proper.

DATED: June _11, 2008      NELSON BUMGARDNER CASTO, P.C.
                           FRIEDMAN SUDER & COOKE
                           STRADLING YOCCA CARLSON & RAUTH

                           By:  /s/
                                Jan P. Weir, SBN 106652
                                Attorneys for Defendants
                                SCREENTONE SYSTEMS
                                CORPORATION, ACACIA PATENT
                                ACQUISITION CORPORATION,
                                ACACIA RESEARCH CORPORATION,
                                and PAUL S. SNYPP

## DEMAND FOR JURY TRIAL

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June 11, 2008       NELSON BUMGARDNER CASTO, P.C.
                           FRIEDMAN SUDER & COOKE
                           STRADLING YOCCA CARLSON & RAUTH

                           By:  /s/
                                Jan P. Weir, SBN 106652
                                Attorneys for Defendants
                                SCREENTONE SYSTEMS
                                CORPORATION, ACACIA PATENT
                                ACQUISITION CORPORATION,
                                ACACIA RESEARCH CORPORATION,
                                and PAUL S. SNYPP

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

DOCSOC/1287399v2/101022-0006

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF ORANGE      )

I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422.

On **June 11, 2008**, I served the within documents entitled:

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| √ | **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.** |
| | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below. |
| | I certify that on _____, I caused the document(s) listed above to be served via electronic mail to the person(s) at the address(es) set forth below. |

SEE ATTACHED LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 11, 2008**, at Newport Beach, California.

_____
Bethany A. Miles

DOCSOC/1287459v1/101022-0006

*Canon USA Inc., et al, vs. Screentone Systems, et al*
USDC Case No. 8:08-cv-00409-CJC (ANx)

Brian L. Klock
FITZPATRAICK CELLA HARPER & SCINTO
975 "F:" Street NW, Suite 400
Washington, DC  20004-1405
(202) 530-1010
Email: bklock@fchs.com
Attorneys for Plaintiff **Canon USA Inc.**

J. Thomas Richardson
CAIRNCROS & HEMPELMANN
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
(206) 587-0700      FAX (206) 587-23080
Email: trichardson@cairncross.com
Attorneys for Plaintiff **Canon USA Inc.**

Nicholas M. Cannella
FITZPATRICK CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, NY  10112-3801
Email: ncannella@fchs.com
Attorney for Plaintiff **Canon USA, Inc.**

Stellman Keehnel
DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044
(206) a839-4800
Email: stellman.keehnel@dlapiper.com
Attorneys for Plaintiffs **Canon USA, Inc., Eastman Kodak Company, Panasonic Corporation of North America, Ricoh Americas Corporation, and Kyocera Mita America Inc.**

Mark M. Supko
CROWELL AND MORING – Washington
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
(202) 624-2500  FAX (202) 628-5116
Email:  msupko@crowell.com
Attorneys for Plaintiff **Eastman Kodak Company**

Arthur Cary Claflin
HALL ZANZIG ZULAUF CLAFLIN McEACHERN
1200 5th Avenue, Suite 1414
Seattle, WA 98101
(206) 292-5900      FAX 206-292-5900
Email : aclaflin@hallzan.com
Attorneys for Plaintiff **Panasonic Corporation of North America**

/ / / /

/ / / /

DOCSOC/1287459v1/101022-0006

|   |   |
|---|---|
| 1 | ***Canon USA Inc., et al, vs. Screentone Systems, et al*** |
| 2 | USDC Case No. 8:08-cv-00409-CJC (ANx) <br> <u>Continued</u> |
| 3 | Michael Fink |
| 4 | Neal Goldberg <br> Neil F. Greenblum |
| 5 | P. Branko Pejic <br> GREENBLUM AND BERNSTEIN – Reston |
| 6 | 1950 Roland Clarke Place <br> Reston, VA 20191 |
| 7 | (703) 716-1191   FAX (703) 716-1180 <br> Email: mfink@gbpatent.com |
| 8 | Attorneys for Plaintiff **Panasonic Corporation of North America** |
| 9 | Clayton Thompson <br> DLA Piper US LLP – Reston |
| 10 | 1775 Wiehle Avenue, Suite 400 <br> Reston, VA  20190-5159 |
| 11 | (703) 773-4143    FAX (703) 773-5043 <br> Email : clayton.thompson@dlapiper.com |
| 12 | Attorneys for Plaintiff **Ricoh Americas Corporation** |
| 13 | John Allcock <br> Kathryn Bridget Riley |
| 14 | Sean Christy Cunningham <br> DLA Piper US LLP – San Diego |
| 15 | 401 B Street, Suite 1700 <br> San Diego, CA  92101-4297 |
| 16 | (619) 699-2820    FAX (619) 699-2701 <br> Email : john.allcock@dlapiper.com |
| 17 | Attorneys for Plaintiff **Ricoh Americas Corporation** |
| 18 | Margaret Elizabeth Day <br> DLA Piper Rudnick Gray Cary US LLP |
| 19 | 2000 University Avenue <br> East Palo Alto, CA  94303-2248 |
| 20 | (650) 833-2040    FAX (650) 687-1163 <br> Email: Elizabeth.day@dlapiper.com |
| 21 | Attorneys for Plaintiff **Ricoh Americas Corporation** |
| 22 | Joel E. Lutzker <br> SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 23 | 30 Rockefeller Plaza, 24th Floor <br> New York, NY  10022 |
| 24 | (212) 332-3800    FAX (212) 332-3888 <br> Email: jlutzker@sheppardmullin.com |
| 25 | Attorneys for Plaintiff **Kyocera Mita America, Inc.** |
| 26 | John C. Garces <br> SCHULTE ROTH AND ZABEL LLP |
| 27 | 919 Third Avenue <br> New York, NY  10022 |
| 28 | (212) 756-2000    FAX (212) 593-5955 <br> Email: john.garces@srz.com <br> Attorneys for Plaintiff **Kyocera Mita America, Inc.** |

-3-